HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,

v.

FRANK SAMROW,

    Defendant.

CASE NO. C14-5530 RBL

ORDER DENYING MOTIONS TO STAY AND TO APPOINT COUNSEL

[Dkt. #s 23 & 24]

THIS MATTER is before the Court on Defendant Samrow's Motion to Stay this declaratory judgment action pending the resolution of the underlying lawsuit [Dkt. #23], and his Motion for Court-appointed counsel [Dkt. #24].

State Farm insured Samrow's personal vehicle, a Chevrolet Uplander. Samrow owned Oasis, an LLC that provided pilot car services to trucking companies, including Landstar Inway. Landstar required Oasis to indemnify it, and claims that Oasis demonstrated its ability to do so by pointing to Samrow's State Farm policy. Oasis referred Landstar to an unrelated[1] company,

---

[1] It is not clear on the limited record before the Court whether or why Landstar claims that Oasis or Samrow caused the loss, or are liable for Kent's apparent negligence.

CJ Pilot, to provide piloting services for an "over-height" load. CJ Pilot's driver, Kent, misjudged the height of an overpass and Landstar's truck collided with it.

Landstar sued Samrow, Oasis, and CJ Pilot to recover the damages to the overpass and the load in state court. It sought to amend its complaint to assert a fraud claim against Samrow for representing that his personal State Farm policy covered Oasis. The motion was denied and Landstar's claims against Samrow personally were dismissed on summary judgment. On appeal, the case was remanded for further proceedings on the fraud claim.

State Farm brought this Declaratory Judgment action seeking a determination that its policy does not obligate it to defend or indemnify Samrow from any of the remaining claims against him in the state court action.

Samrow is *pro se*. He asks the Court to stay this action pending the resolution of the underlying case, because it would "extremely hard on him" to fight both cases simultaneously. He also seeks a continuance of the (already passed) deadline for filing a Joint Status Report, and asks the Court to appoint an attorney to represent him. Samrow claims that he cannot pay for an attorney, as a result cannot find one.

State Farm is entitled to a prompt determination of its obligations to Samrow in the state case, and this declaratory judgment action is the proper vehicle for obtaining it. It makes no sense to await the outcome of that case before determining whether State Farm has any obligation to defend Samrow in it. The Motion for a Stay pending resolution of the underlying claim is DENIED.

This Court will, in exceptional circumstances, appoint an attorney to represent an indigent plaintiff. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of*

*Social Servs.*, 452 U.S. 18, 25 (1981). However, 28 U.S.C. § 1915(e)(1) gives the Court discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only in "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

This court has not ever appointed counsel for a civil *defendant* embroiled in commercial litigation, and this case does not require the Court to address whether it might conceivably do so in a very unusual case.

The Motion to Appoint Counsel is DENIED.

The Motion for a Continuance of the joint status report deadline is DENIED as State Farm has already filed a JSR that will suffice. The parties are cautioned, however, that further failures and refusals to comply with court orders on the part of *any* part~~y represented by counsel or not~~ ~~may~~ may result in sanctions.

IT IS SO ORDERED.

Dated this 16th day of October, 2014.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[DKT. #S 23 & 24] - 3